**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Brian E. Lorick Jr., Appellant.

Appellate Case No. 2013-000491

―――――――――――――

Appeal From Lexington County
Thomas A. Russo, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2015-UP-037
Heard November 4, 2014 – Filed January 14, 2015

―――――――――――――

**AFFIRMED**

―――――――――――――

Deputy Chief Appellate Defender Wanda H. Carter, of
Columbia, for Appellant.

Matthew C. Buchanan, General Counsel, South Carolina
Department of Probation, Parole and Pardon Services, of
Columbia, for Respondent.

―――――――――――――

**PER CURIAM:**  Appellant Brian E. Lorick Jr. seeks review of the denial of his
motion to dismiss the State's probation revocation action against him.  Lorick
argues the violations with which he was charged were based on a condition that

was not judicially imposed and, therefore, the revocation of his probation should be reversed. Lorick does not challenge the sufficiency of the evidence of his violations.

On June 21, 2012, Lorick pled guilty to second degree assault and battery after having struck Bethany Leaphart (Victim). The sentencing court imposed three years of imprisonment, suspended upon the service of six months of imprisonment and two years of probation, subject to standard conditions of probation incorporated by reference into the Sentence Sheet. Standard condition number ten requires probationers to follow the advice and instructions of their probation agents.

While on probation, Lorick struck Victim again, after which Lorick's probation agent instructed Lorick to avoid contact with Victim. This instruction was authorized by section 24-21-280(A) of the South Carolina Code (Supp. 2013), which requires probation agents to "use practicable and suitable methods that are consistent with evidence-based practices to aid and encourage" probationers to improve their conduct "and to *reduce the risk of recidivism* for the offenders under his supervision." (emphasis added). After Lorick struck Victim yet again, he was lawfully charged with violating standard probation condition number ten, i.e., failing to follow the advice and instructions of his probation agent. *See* S.C. Code Ann. § 24-21-450 (2007) (authorizing the issuance of a warrant for the arrest of a defendant who has violated a condition of his probation).

Based on the foregoing, the circuit court properly revoked Lorick's probation for his violation of standard probation condition number ten. *See* S.C. Code Ann. § 24-21-460 (2007) (authorizing the revocation of a defendant's probation for his violation of a probation condition).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur**.